**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Joshua Bretz<br>1505 Hillsdale Road<br>Middletown, PA 17057,<br><br>        Plaintiff,<br><br>        v.<br><br>Lancaster County<br>625 E. King Street<br>Lancaster, PA 17602<br><br>&<br><br>Correctional Officer Sorrentino<br>625 E. King Street<br>Lancaster, PA 17602,<br><br>        Defendants. | CIVIL ACTION<br>No. 25-5845<br><br>TRIAL BY JURY DEMANDED |

**FIRST AMENDED COMPLAINT**

Plaintiff, by and through his attorneys, Laura Zipin, Esquire, and Brian J. Zeiger, Esquire, hereby alleges the following:

**PARTIES**

1. Plaintiff Joshua Bretz is an adult individual who was an inmate in the Lancaster County Prison ("LCP") in Lancaster, PA at all times relevant to the instant complaint.

2. Defendant Lancaster County is a municipal government organized under the laws of the Commonwealth of Pennsylvania, and was responsible for the creation and operation of the LCP.

3. LCP is located at 625 E. King Street, Lancaster, PA 17602.

4. Defendant Correctional Officer Sorrentino is an adult individual who, on information and belief, is a resident of the Commonwealth of Pennsylvania. He is being sued in his individual capacity. Defendant Sorrentino was responsible for ensuring the safety and security of LCP inmates and premises.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. § 1983.

6. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) as Defendants are residents of this district and all the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

8. In November of 2024, Plaintiff was an inmate at LCP in Lancaster County, Pennsylvania.

9. In November of 2024, Defendant Sorrentino was working as a correctional officer at LCP.

10. On or about November 1, 2024, Plaintiff was attacked by Defendant Sorrentino without any reason or justification.

11. During the course of the attack, Defendant Sorrentino slammed Plaintiff to the ground.

12. As a result of being slammed to the ground, Plaintiff's collar bone was shattered.

13. Plaintiff had major surgery to reconstruct and repair his collar bone.

14. LCP has a history of correctional officers using excessive force against inmates and failing to protect them, including the following cases:

   a. *Jackson v. Holland.*, 20-cv-5207 (LCP detainee alleged that correctional officer used excessive force against him);

   b. *Roane v. Steberger*, No. 24-cv-4486 (LCP inmate alleged that correctional officer assaulted him during intake);

   c. *Burke v. Barr*, No. 22-cv-5207 (LCP inmate alleged that correctional officers used excessive force against him and subjected him to unconstitutional retaliation);

   d. *Plaza v. Presbury*, No. 22-cv-4587 (LCP inmate alleged that LCP officials, including Defendant Sorrentino, were deliberately indifferent to his serious

2

      medical needs);

    e. *Gatewood v. Lancaster County*, No. 18-cv-1059 (LCP detainee alleged that correctional officer attacked him without provocation);

    f. *Vasquez v. Lancaster County*, No. 18-cv-4999 (LCP inmate alleged that correctional officer assaulted him for no reason);

    g. *Peters v. Setiz*, No. 12-cv-2946 (LCP inmate alleged that correctional officer assaulted him and then prevented him receiving medical care for his injuries).

15. As shown by the prior incidents outlined above, which occurred before the instant matter where Plaintiff was assaulted, Lancaster County had a custom of correctional officers assaulting and failing to protect inmates like Plaintiff.

16. On the same date and time, Defendant Lancaster County did not properly train and/or supervise its LCP correctional officers regarding the proper use of force.

17. Additionally, Defendant Sorrentino has been accused of unconstitutionally retaliating against an LCP inmate who filed a lawsuit. *Melendez v. Steberger*, No. 22-cv-571.

### COUNT I: EXCESSIVE FORCE – 42 U.S.C § 1983
### PLAINTIFF v. DEFENDANT SORRENTINO

18. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

19. Plaintiff believes and therefore avers that the force used upon him was unnecessary and more force than was reasonable under the circumstances.

20. Plaintiff believes and therefore avers that Defendant Sorrentino, by the aforementioned actions, deprived Plaintiff of his constitutional and statutory rights under the Fourth Amendment, Fourteenth Amendment, and Eighth Amendment.

21. Defendant's actions were a factual and proximate cause of Plaintiff's substantial damages and harm.

**WHEREFORE**, Plaintiff demands judgment against Defendant for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million Dollars ($1,000,000.00), together with delay damages, interest, costs, attorney's fees, and punitive damages.

**COUNT II: *MONELL* CLAIM – 42 U.S.C. § 1983**
**PLAINTIFF v. DEFENDANT LANCASTER COUNTY**

22. The proceeding paragraphs are incorporated herein by reference.

23. The customs, practices, and policies of Defendant Lancaster County were a moving force behind the violations of Plaintiff's constitutional rights.

24. Plaintiff was deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States, and by Lancaster County through its many failures.

25. Plaintiff's claims are based on the decisions of the policymakers in Lancaster County who were deliberately indifferent to the constitutional rights of convicted persons under the Eighth Amendment.

26. This course of conduct is so well-settled and permanent as to virtually constitute law.

27. Defendant Lancaster County knew that correctional officers would be confronted with inmates who violate LCP rules.

28. Defendant Lancaster County knew that correctional officers like Defendant Sorrentino would take punitive actions against inmates into their own hands and assault the inmates.

29. Defendant Lancaster County knew that due to short staffing, individual corrections officers would promote the type of vigilantism stated above to attack inmates on their block.

30. Defendant Lancaster County knew this would result in deprivations of constitutional rights like those suffered by this Plaintiff.

31. Defendant Lancaster County had a duty to adequately train its employees at LCP to prevent the types of constitutional violations suffered by Plaintiff.

32. Defendant Lancaster County had a duty to adequately supervise its employees to prevent the types of constitutional violations suffered by Plaintiff.

33. Defendant Lancaster County was aware of the history of correctional officer violence against inmates.

34. Defendant Lancaster County was further aware of the history of correctional officer employees failing to follow security and safety protocols to ensure inmate safety.

35. The failure to adequately train and supervise Defendant Sorrentino resulted in the assault of Plaintiff.

36. As a direct and proximate result of these failures by Defendant Lancaster County, Plaintiff suffered severe physical and emotional injuries.

37. Plaintiff claims damages as a result of these severe physical and emotional injuries, which violated his rights under the United States Constitution and corresponding laws of the United States.

38. Defendant Lancaster County has been deliberately indifferent to the rights of inmates, in violation of the Eighth Amendment to the Constitution of the United States, the laws of the United States, and the laws of the Commonwealth.

39. Defendant Lancaster County has adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of systematically failing to properly train, investigate, supervise, and discipline its employees, including the individual Defendants, regarding individuals' right to be free from violations of the Eighth Amendment of the Constitution of the United States.

40. Defendant Lancaster County, by failing to take action to train or supervise its correctional officers, and by having a practice or custom of remaining deliberately indifferent to systematic abuse, acquiesced in and/or condoned the policy and the actions of the individual Defendants who violated Plaintiff's rights.

41. Defendant Lancaster County knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff; the County deliberately, knowingly, and intentionally failed to take measures to stop or limit the policy, custom, and practice, and therefore acquiesced in, and was deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

42. By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant Lancaster County perpetrated the policy in violation of the Plaintiff's rights under the Eighth Amendment to the Constitution of the United States, the laws of the United States, and the laws of the Commonwealth of Pennsylvania.

43. The conduct of Defendant Lancaster County and/or the conduct of its employees, agents, or policymaker, was a factual and/or proximate cause of the harm and damages sustained by Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for compensatory damages against Defendant for such sums as would reasonably and properly compensate him for injuries, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, costs, attorney's fees, and declaratory and injunctive relief.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

October 29, 2025                              Respectfully submitted,
DATE

                                                                              /s/ Laura Zipin
                                                                              LAURA ZIPIN, ESQUIRE
                                                                              Pa. ID No. 324914

                                                                              /s/ Brian J. Zeiger
                                                                              BRIAN J. ZEIGER, ESQUIRE
                                                                              Pa. ID No. 87063

Levin & Zeiger, LLP<br>
Two Penn Center<br>
1500 JFK Blvd, Suite 620<br>
Philadelphia, PA 19102<br>
(215) 546-0340