IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA BRETZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | DOCKET NO. 5:25-cv-05845 |
| | : | |
| LANCASTER COUNTY AND CORRECTIONAL OFFICER SORRENTINO, | : : : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF 6)

Defendants Lancaster County and Sergeant Sorrentino (incorrectly identified as Correctional Officer Sorrentino) (collectively hereinafter "Defendants") by and through their attorneys, MacMain Leinhauser PC, hereby file this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (ECF 6) as follows, denying each and every averment set forth therein except those as expressly admitted.

### ALLEGED PARTIES

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

4. Denied. At the time of the alleged incident in this matter, Correctional Officer Sorrentino held the rank of Sergeant of Corrections at Lancaster County Prison ("LCP").

### ALLEGED JURISIDCTION AND VENUE

5. – 7. Admitted only as to This Honorable Court's jurisdiction. The remaining allegations of these paragraphs are denied.

1

## ALLEGED FACTUAL BACKGROUND

8.   Admitted upon information and belief.

9.   Denied.  At the time of the alleged incident in this matter, Correctional Officer Sorrentino held the rank of Sergeant of Corrections at LCP.

10. – 12.   Denied.  By way of further denial, it is denied that Plaintiff was attacked by Sgt. Sorrentino.  During a routine cell inspection of the LCP Restricted Housing Unit ("RHU"), it was discovered, when Plaintiff was searched, that Plaintiff concealed many items of contraband, that included ripped pieces of blanket around Plaintiff's waist and ripped pieces of bed sheet around Plaintiff's neck.  After further search, Plaintiff made statements of self-harm and it was determined that Plaintiff should be taken to the medical department for suicide prevention screening.  During the escort to the medical department, Plaintiff attempted to break away and turn toward Sgt. Sorrentino, which Plaintiff was not permitted to do.  In response to Plaintiff's actions, Sgt. Sorrentino assisted Plaintiff to the ground in an attempt to gain positive control over Plaintiff.

13.   Denied.

14. and 14.a. – 14.g.   Denied.

15.   Denied.  By way of further denial, it is denied that Defendants had a custom of correctional officers assaulting and/or failing to protect inmates.

16.   Denied.  By way of further denial, it is denied that Defendants did not train and/or supervise its LCP correctional staff regarding the use of force.

17.   Denied.

## COUNT I: ALLEGED EXCESSIVE FORCE – 42 U.S.C. § 1983
## PLAINTIFF v. DEFENDANT SORRENTINO

18. This is an incorporation paragraph to which no response pleading is required. In the event a response is required, the allegations of this paragraph are denied.

19. Denied. The force used on Plaintiff was Constitutionally permissible to regain control of Plaintiff who, while being escorted, attempted to break away and turn towards Sgt. Sorentino. In response to Plaintiff's actions, Sgt. Sorrentino assisted Plaintiff to the ground in an attempt to gain positive control over Plaintiff.

20. Denied.

21. Denied.

WHEREFORE, Defendants Lancaster County and Sergeant Sorrentino respectfully request This Honorable Court enter judgment in their favor and against Plaintiff together with costs, disbursements, attorneys' fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT II: ALLEGED MONELL CLAIM – 42 U.S.C. § 1983
## PLAINTIFF V. DEFENDANT LANCASTER COUNTY

22. This is an incorporation paragraph to which no response pleading is required. In the event a response is required, the allegations of this paragraph are denied.

23. – 27. Denied.

28. Denied. By way of further denial, it is denied that Sgt. Sorrentino took punitive action toward Plaintiff, or any other inmate of LCP, and it is denied that Sgt. Sorrentino assaulted Plaintiff or any other inmate of LCP.

29. Denied. By way of further denial, it is denied that any "vigilantism" and/or attack occurred inside LCP.

3

30. – 43.    Denied.  By way of further denial, it is denied that Plaintiff, or anyone's, rights were violated, it is denied that LCP employees, to include Sgt. Sorrentino, were not adequately trained, were not adequately supervised, failed to follow protocols, were deliberately indifferent, failed to investigate, failed to discipline, etc.  It is denied that there is a history of correctional officer violence against LCP inmates.

WHEREFORE, Defendants Lancaster County and Sergeant Sorrentino respectfully request This Honorable Court enter judgment in their favor and against Plaintiff together with costs, disbursements, attorneys' fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## JURY DEMAND

Admitted only that Plaintiff demands a trial by jury.  Defendants hereby demand a trial by jury as to each claim by Plaintiff.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims.  To date, Defendants have not obtained any discovery from Plaintiff in connection with this action.   Defendants reserve the right to amend or otherwise supplement this pleading on that basis.  Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendants assert the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of Defendants violated any Constitutional, statutory, or common law rights of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all the rights, privileges and immunities granted pursuant to the Constitution, the laws of the United States, and the Commonwealth of Pennsylvania.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any improper acts or omissions by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks punitive damages, such a claim is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

**TENTH AFFIRMATIVE DEFENSE**

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

**ELEVENTH AFFIRMATIVE DEFENSE**

At no time material hereto were Defendants deliberately indifferent to the safety or constitutional rights of Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants are immune from all or part of the claims set forth in Plaintiff's Amended Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At no time material hereto did Defendants act in bad faith or willfully, wantonly, deliberately, maliciously, or with a reckless disregard for Plaintiff's health, safety and welfare, as well as his constitutional, statutory, and common law rights.

**FOUTHTEENTH AFFIRMATIVE DEFENSE**

At no time material hereto did Defendants adopt, permit or follow, either formally or informally, a policy, custom or practice of violating a person's Constitutional rights or which in any other way tolerated or permitted the violation of the civil rights of any individual, including Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant did not willfully nor intentionally commit any wrongful act causing injury or damage to the Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or otherwise limited by the terms, provisions, immunities, and defenses set forth in the Pennsylvania Political Subdivision Tort Claims Act. 42 Pa. C.S.A. § 8541 *et seq*. All defenses therein are incorporated by reference as though fully set forth at length herein.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any injuries or damages suffered by the Plaintiff, although same are denied by Defendants, resulted solely from Plaintiff's voluntary, intentional, and/or wrongful acts not from any violations of his civil rights by Defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The actions of Defendants were justified by the doctrines of self-defense and defense of others.

**NINTEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the actions of Defendants were appropriate under the circumstances and their use of force was reasonable, necessary and justified.

**TWENTIETH AFFIRMATIVE DEFENSE**

At all times material hereto, the actions of Defendants were based on valid and necessary penological interests.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), and all defenses contained therein are incorporated herein by reference as if set forth fully at length herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

At all times material hereto Defendants were properly trained and supervised.

WHEREFORE, Defendants Lancaster County and Sergeant Sorrentino respectfully request This Honorable Court enter judgment in their favor and against Plaintiff together with costs, disbursements, attorneys' fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

Respectfully submitted,

**MacMAIN LEINHAUSER PC**

Date: December 29, 2025   By:   */s/ Matthew S. Polaha*
David J. MacMain
Attorney I.D. No. 59320
Matthew S. Polaha
Attorney I.D. No. 320674
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Matthew S. Polaha, Esquire, hereby certify that on this 29th day of December 2025, a copy of the foregoing *Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (ECF 6)* was served upon the following via ECF:

> Brian J. Zeiger, Esq.
> Laura Zipin, Esq.
> Levin & Zeiger
> 1500 JFK Blvd, Suite 620A
> Philadelphia, PA 19102
> *Attorneys for Plaintiff*

Respectfully submitted,

**MacMAIN LEINHAUSER PC**

By:   */s/ Matthew S. Polaha*
David J. MacMain
Attorney I.D. No. 59320
Matthew S. Polaha
Attorney I.D. No. 320674
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants*